No. 452

PLANSON, Exr. v. SCOTT, Admr.

Ohio Appeals, 6th Dist., Williams Co.

No. 160. Decided April 28, 1927

85. APPEALS—Motion to have appeal dismissed comes too late where one goes to trial without objection.

1271. WILLS—Under the terms of a will when a particular estate in real property is created for life or a term of years, with directions that the property be sold and distributed at the termination of the life interest, the doctrine of equitable conversion applies.

389. DESCENT & DISTRIBUTION—Under 8474-78 GC. a husband as relict of his wife, where there are no children, takes the personal property of said wife that is subject to distribution upon settlement of the estate.

First Publication of this Opinion

WILLIAMS, J.

This cause comes into this court on appeal from the Williams Common Pleas. After the cause was tried and submitted upon the evidence, George Planson filed a motion to dismiss the appeal. We are disposed to treat the motion as coming too late and the right to have the cause dismissed for want of appealability, if it exists, to have been waived by going to trial without objection. The power of the court to dismiss an appeal because the cause is not appealable exists so long as it retains jurisdiction of the cause. Drake et v. Tucker, 83 OS. 97; State ex Lander v. Prestion, 93 OS. 423.

This action was brought by George Planson, executor of J. A. Cuquel, deceased, against Charles E. Scott, administrator of Amanda Cuquel, deceased. The lower court ordered and adjudged that the remainder of the fund of $2,610 after the payment of costs, etc., be paid to Planson for distribution under the terms of the last will and testaments of J. A. Cuquel. From this judgment, Scott appealed.

The Court of Appeals held:

1. Anna Cuquel received the $2,610 in question thru a bequest gotten thru a relative in California who left his real property to his wife to be sold and divided after her death, she died in 1918. Anna Cuquel died intestate in 1895, J. A. Cuquel died testate in 1925.

2. In a proceeding in California, it was adjudged that the money be paid to the personal representative of Amanda Cuquel. Amanda Cuquel never having had any children, left no issue, the sole heirs and only next of kin were her brothers and sisters.

3. The question for determination is whether the money in the hands of the administrator of the estate of Amanda Cuquel, deceased, shall be paid the executor of J. A. Cuquel or to her next of kin.

4. It is a well settled rule of law when one leaves his real property to one for life to be sold and divided after one's death, the doctrine of equitable conversion applies and the same will be treated as personal property.

5. The money received can only be treated as personal property. The fund in the hands of the administrator should therefore be distributed as personal property and the distribution thereof is regulated by the law of the domicile of Amanda Cuquel, who died domiciled in Ohio. Swearingen v. Morris, 14 OS. 424.

6. It is very clear that under sections 8474-78 GC., J. A. Cuquel, as relict of the intestate, was at the time of his decease, entitled to all the personal property of the estate of his deceased wife entitled to distribution. Planson, as personal representative of J. A. Cuquel, deceased, is therefore entitled to receive all the money which is in the hands of the defendant administrator and subject to distribution.

Decree accordingly.

(Richards, Lloyd, JJ., concur.)

Attorneys—A. L. Gebhard for Planson; Chas. E. Scott and David A. Webster for Scott; all of Bryan.